trafficking activity. *See id.; United States v. Suarez,* 313 F.3d 1287, 1292–93 (11th Cir.2002).

Chastain cites evidence of his possession and familiarity with guns before trafficking drugs and his son's testimony that he had not seen his father use a gun in many years to argue that the presence of guns was merely coincidental to the criminal conduct. But the evidence need not exclude every reasonable hypothesis of innocence, and jurors are free to choose among reasonable constructions of the evidence. *See United States v. Mattos,* 74 F.3d 1197, 1199–1200 (11th Cir.1996). That the guns could have been used in furtherance of the drug activity was such a reasonable construction.

AFFIRMED.

Kori L. Clement, Hare, Clement & Duck, P.C., Birmingham, AL, for Defendant–Appellee.

Before TJOFLAT, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal is from the district court's judgment entered pursuant to the jury's verdict and from the district court's denial of appellant's post-judgment motion to alter, amend, or vacate the judgment. We have carefully considered the grounds for reversal appellant raises in her brief and conclude that they lack merit.

AFFIRMED.

**Barbara A. HORNE, Plaintiff–Appellant,**

v.

**NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, Defendant–Appellee.**

No. 09–15004
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 20, 2010.

Rodney L. Stallings, Stallings Law, Centre, AL, for Plaintiff–Appellant.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leavie Dallas KING, III, Defendant–Appellant.**

No. 09–16073
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 20, 2010.

Elsie Mae Miller, Frederick W. Tiemann, Carlos Alfredo Williams, Federal Defender Organization, Mobile, AL, for Plaintiff–Appellee.